IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. KACHINSKI, | : Civil No. 1:25-CV-2272 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| FRANK BISIGNANO, Commissioner of Social Security, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. Introduction

Daniel Kachinski filed an application under Title II of the Social Security Act for disability and disability insurance benefits on April 28, 2023.[1] Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found Kachinski was not disabled from his alleged onset date of April 3, 2023, through May 28, 2025, the date of the ALJ's decision.

Kachinski now appeals this decision, arguing that the decision is not supported by substantial evidence. After a review of the record, we agree and conclude that the ALJ's decision is not supported by

[1] Tr. 17, 102.

substantial evidence. Therefore, we will remand this matter for further consideration by the Commissioner.

## II. Statement of Facts and of the Case

Kachinski filed for disability and disability insurance benefits, alleging disability due to severe lower back pain, muscle spasms, irritable bowel syndrome ("IBS"), fibromyalgia, chronic fatigue, anxiety, depression, degenerative disc disease, arthritis, and attention-deficit hyperactivity disorder ("ADHD").[2] Kachinski was 51 years old at the time of his alleged onset of disability, had at least a high school education, and had no past relevant work.[3]

An ALJ held a hearing on Kachinski's disability application on March 10, 2025.[4] Kachinski and a Vocational Expert ("VE") both appeared and testified at this hearing.[5] Following this hearing, on May 28, 2025, the ALJ issued a decision denying Kachinski's application for disability benefits.[6] The ALJ first concluded that Kachinski met the

[2] Tr. 103.
[3] Tr. 32.
[4] Tr. 39-68.
[5] *Id.*
[6] Tr. 18-34.

insured status requirement through September 30, 2025, and had not engaged in substantial gainful activity since his alleged onset date of April 3, 2023.[7] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from severe impairments of lumbar degenerative disc disease, fibromyalgia, obesity, peripheral neuropathy, muscle spasms, IBS, major depressive disorder, generalized anxiety disorder, obsessive-compulsive disorder, obsessive-compulsive personality disorder, cluster B traits, and ADHD.[8] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[9]

Between Steps 3 and 4, the ALJ then concluded that the plaintiff has the residual functional capacity ("RFC") to perform light work with some postural limitations and other limitations related to his mental health.[10] The ALJ considered the medical records, opinion evidence, and the plaintiff's subjective symptoms. Ultimately, the ALJ concluded that

---

[7] Tr. 19.
[8] *Id.*
[9] Tr. 20.
[10] Tr. 24.

the plaintiff was not as limited as he alleged. Having made these findings, the ALJ found at Step 4 that Kachinski had no relevant past work but found at Step 5 that he could perform the occupations of maker, router, and warehouse checker.[11] Accordingly, the ALJ found that Kachinski had not met the stringent standard prescribed for disability benefits and denied his claim.[12]

This appeal followed. On appeal, Kachinski argues that, *inter alia*, the ALJ based Kachinski's RFC on his own lay interpretation of the evidence. This case is fully briefed and is therefore ripe for resolution. For the reasons set forth below, we will remand this matter for further consideration by the Commissioner.

## III. Discussion

### A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-

[11] Tr. 33.
[12] Tr. 33-34.

maker are supported by substantial evidence in the record.[13] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[15] The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[16]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[17] Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[18] The ALJ is not required to use "magic" words, but rather must discuss the evidence

---

[13] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).

[14] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[15] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[16] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).

[17] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

[18] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).

and explain the reasoning behind his or her decision with more than just conclusory statements.[19] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[20]

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful work which exists in the national economy."[21] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[22]

In making this disability determination, the ALJ follows a five-step evaluation.[23] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe

---

[19] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[20] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).
[21] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).
[22] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[23] 20 C.F.R. §§404.1520(a), 416.920(a).

impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[24]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[25] The ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[26] Our review of the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[27]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from

---

[24] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).
[25] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).
[26] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).
[27] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).

engaging in any past relevant work.[28] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[29]

### B. Legal Benchmarks for the ALJ's Assessment of Medical Opinions

For applications filed after March of 2017, the regulations require ALJs to consider several factors to determine the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors tending to support or contradict a medical opinion.[30] Supportability and consistency are the two most important factors, and an ALJ must explain how these factors were considered in his or her written decision.[31] Supportability means "[t]he more relevant the objective medical evidence and supporting

[28] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).
[29] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.
[30] 20 C.F.R. § 404.1520c(c).
[31] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Blackman v. Kijakazi*, 615 F. Supp. 3d 308, 316 (E.D. Pa. 2022).

explanations . . . are to support his or her medical opinion(s) . . . . the more persuasive the medical opinions . . . will be."[32] The consistency factor focuses on how consistent the opinion is "with the evidence from other medical sources and nonmedical sources."[33]

While there is an undeniable medical aspect to the evaluation of medical opinions, it is well settled that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."[34] When confronted with several medical opinions, the ALJ can choose to credit certain opinions over others but "cannot reject evidence for no reason or for the wrong reason."[35] Further, the ALJ can credit parts of an opinion without giving credit to the whole opinion and may formulate a claimant's RFC based on different parts of different medical opinions, so long as the rationale behind the decision is adequately articulated.[36] On the other hand, in cases where no medical opinion credibly supports the claimant's

---

[32] 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).
[33] 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).
[34] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).
[35] *Mason*, 994 F.2d at 1066.
[36] *See Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016).

allegations, "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[37]

C. <u>This Case will be Remanded.</u>

As we have noted, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests,"[38] and the ALJ must "indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding."[39] After consideration, we conclude that the ALJ's RFC determination is not supported by an adequate explanation.

With respect to Kachinski's physical impairments, the ALJ found the only medical opinion of record somewhat persuasive.[40] This opinion, from consultative examiner PA-C Rachel Yenkowski, found that Kachinski could only stand and walk for a total of two hours in an eight-hour workday,[41] which is inconsistent with an ability to perform light

---

[37] *Cummings*, 129 F. Supp. 3d at 214–15.
[38] *Cotter*, 642 F.2d at 704.
[39] *Schaudeck v. Comm'r of Soc. Sec.*, 181 F. 3d 429, 433 (3d Cir. 1999).
[40] Tr. 30-31.
[41] Tr. 1854.

exertional work.[42] The ALJ specifically found this limitation not persuasive, reasoning that it was unsupported by Yenkowski's examination of Kachinski and inconsistent with the longitudinal medical record, which the ALJ found supported a limitation to light work with some additional postural limitations.[43]

We conclude that the ALJ erroneously relied on his own lay interpretation of the evidence to determine Kachinski's physical RFC. As one court in this district aptly noted, "[r]arely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant."[44] Thus, "[w]here an ALJ rejects all available medical opinions, courts will generally conclude 'that an ALJ impermissibly relied on speculation or lay interpretation of medical evidence to reach' and RFC determination."[45] Here, PA-C Yenkowski's opinion was the only

---

[42] *See* 20 C.F.R. § 416.967(b); SSR 83-10, 1983 WL 31251, at *5 (1981) ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.")
[43] Tr. 24, 30-31.
[44] *Maellaro v. Colvin*, 2014 WL 2770717, at *11 (M.D. Pa. June 18, 2014).
[45] *Miller v. Saul*, 2020 WL 1531298, at *3 (M.D. Pa. Mar. 31, 2020) (quoting *McKean v. Colvin*, 140 F. Supp. 3d 406, 418 (M.D. Pa. 2015)).

medical opinion regarding Kachinski's physical impairments and functioning; the state agency reviewing physicians found that there was insufficient evidence to evaluate Kachinski's functional limitations.[46] Rather than developing the record further,[47] it appears that the ALJ erroneously relied on his own interpretation of the medical evidence to conclude that Kachinski was able to perform a less-restrictive range of light work. Accordingly, we conclude that the ALJ's physical RFC determination is not supported by substantial evidence.[48]

Accordingly, a remand is required for further consideration of these issues.[49] While we reach this conclusion, we note that nothing in this Memorandum Opinion should be deemed as expressing a judgment on

[46] Tr. 97, 105.
[47] *See* 20 C.F.R. § 416.920b(b)(2)(i-iv) (explaining that if evidence of disability is inconsistent or insufficient an ALJ may recontact medical sources, request additional existing evidence, order the claimant to undergo a consultative examination at the Agency's expense, or ask the claimant or others for more information).
[48] *See e.g.*, *Miller*, 2020 WL 1531298, at *4; *Maellaro*, 2014 WL 2770717, at *11.
[49] Because we find that this error requires a remand, we decline to address the plaintiff's remaining arguments.

the ultimate outcome of this matter. Rather, that task is left to the ALJ on remand.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner will be REMANDED for further consideration.

An appropriate order follows.

Submitted this 19th day of August 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge